

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MICHAEL S. HARRIS and <br> STEPHANIE J. HARRIS, <br>     Plaintiffs, <br> v. <br><br> U. S. BANK NATIONAL ASSOCIATION <br> AS TRUSTEE FOR CSFB MORTGAGE <br> BACKED PASSTHROUGH CERTIFICATES, <br> SERIES 2004-AR2, <br>     Defendant. | § <br> § <br> § <br> §    CIVIL NO. 4:12-cv-00696 <br> § <br> § <br> § <br> § <br> § <br> § |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

    Now before the Court is Defendant U.S. Bank's Motion for Summary Judgment (Dkt. 40). Having reviewed the record in this case, the Court finds that the motion should be GRANTED and that Plaintiffs shall take nothing by their claims here.

    This case involves the Property located at 2303 Wolf Front Road, Van Alstyne, Texas 75495. Plaintiffs alleges that, on or about November 25, 2003, they executed a promissory note payable to CTX Mortgage Company, LLC in the principle amount of $433,800 as to the Property ("the CTX Note"). According to Plaintiffs, the CTX Note represented "a renewal and extension of the unpaid balances" of two prior notes payable to the First National Bank of Van Alstyne executed on May 1, 2002 and September 11, 2003. Dkt. 20 at ¶ 4.2. Plaintiffs also executed a Deed of Trust with CTX. The Property was sold at a foreclosure sale on August 7, 2012.

    In this suit, Plaintiffs claim that, although the CTX Deed of Trust contained specific notice provisions, they did not receive any actual notice from the Lender and/or the Trustee regarding the

intent to accelerate the debt, the right to cure any default, or the sale of the Property and that an eviction suit filed against them was the first notice they had of any foreclosure on the Property.

Plaintiffs' complaint, which they amended after this suit was removed to this Court, asserts the following causes of action: (1) declaratory judgment to quiet title; (2) trespass to try title; and (3) wrongful foreclosure. *See* Dkt. 20.[1] Defendant now seeks summary judgment as to all of Plaintiffs' claims. Plaintiffs have filed a response in opposition.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[1] This case was originally stayed from November 28, 2012 until July 16, 2013 based on a Suggestion of Bankruptcy filed by Plaintiffs. The case was again stayed from April 25, 2014 until July 28, 2014 to allow the parties 90 days to negotiate a settlement. Plaintiffs' amended complaint was filed after the bankruptcy stay was lifted.

which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

### EVIDENCE PRESENTED

In support of its motion, Defendant attaches the following evidence: November 25, 2003 Note; August 15, 2012 "Statement of Facts" Sworn Statement of Nick Vicari, representative of Barrett Daffin Fappier Turner and Engel LLP; December 14, 2011 Notices of Default and Intent to Accelerate; Declaration of Beck Howell; July 13, 2012 Notices of Acceleration and Notices of

Substitute Trustee's Sale; receipt for certified mail dated July 13, 2012; and Plaintiffs' Answers to Defendant's Interrogatories. *See* Dkt. 40-1– 40-7.

In their response in opposition, Plaintiffs submit the following evidence: the deed of trust from Plaintiffs to the First National Bank of Van Alstyne securing payment of note signed by Plaintiffs in the amount of $357,492.57; deed of trust from Plaintiffs to the First National Bank of Van Alstyne securing payment of a note signed by Plaintiffs in the amount of $60,000.00; transfer of lien from First National Bank of Van Alstyne to CTX Mortgage Company, LLC; CTX Deed of Trust; Affidavit of Michael S. Harris; and Affidavit of Stephanie J. Harris. *See* Dkt. 41-1– 41-7.

**ANALYSIS**

**Wrongful Foreclosure**

The Court first addresses Plaintiffs' wrongful foreclosure claim. Plaintiffs base their wrongful foreclosure claim on the allegation that Defendant failed to provide them with the notice of intent to accelerate the CTX Note, the notice of right to cure, and the notice of the foreclosure sale. Plaintiffs argue that these either singularly or in combination constitute a defect in the foreclosure sale proceedings. Plaintiffs also allege that the sales price at foreclosure was grossly inadequate.

To make a claim for wrongful foreclosure under Texas law, a plaintiff must show (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 726 (5th Cir. 2013). *See also* TEX. PROP. CODE ANN. § 51.002 (statutory requirements

4

for foreclosure sales). "The latter two elements need not be shown if the borrower instead establishes that the lender deliberately chilled the bidding at the foreclosure sale." *Waltner v. Aurora Loan Servs., L.L.C.*, 551 Fed. App'x 741, 749 (5th Cir. 2013). To recover for a wrongful foreclosure, the party seeking relief must prove an injury. *See, e.g., Port City State Bank v. Leyco Const. Co., Inc.*, 561 S.W.2d 546, 547 (Tex. Civ. App.– Beaumont 1978, no writ); *Bittinger v. Wells Fargo Bank NA*, 2010 WL 3984626, 3 (S.D. Tex. 2010).

As to a defect in foreclosure sale proceedings, Plaintiffs claim they were not given notice in compliance with the Texas Property Code. Defendant attaches an August 15, 2012 sworn statement of Nick Vicari, a representative of the law firm Barrett Daffin Frappier Turner and Engel, LLP, in which he states that "[a]ll notices of acceleration were served on each debtor obligated on the debt according to records obtained from the Mortgage Servicer by certified mail at the last known address of each such debtor in accordance with law." Dkt. 40-2 at ¶5.[2] The statement further provides "[n]otices were served on each debtor obligated on the debt according to records obtained from the

---

[2]The Court is not convinced by Plaintiffs' objections that the statement is not made on personal knowledge but instead is based upon his personal review of records and statements "which to the best of [Vicari's] knowledge are true." *Bassknight v. Deutsche Bank Nat. Trust Co.*, 2014 WL 6769085, 5 -6 (N.D. Tex. 2014) ("Defendants' evidence is exactly the type of evidence repeatedly found by courts to be sufficient to constitute prima facie evidence that service by certified mail was completed in accordance with Texas law."). *See also Lehman v. Select Portfolio Serv., Inc.*, 2015 WL 123868, 2 (E.D. Tex. 2015); *Covarrubias v. U.S. Bank, Nat. Ass'n*, 2015 WL 221083, 7, n6 (N.D. Tex.2015). There is no requirement that Vicari have personally participated in the process of sending the notices or that the affidavit be corroborated by independent evidence of mailing, and Plaintiffs' objections are overruled. *See Bassknight*, 2014 WL 6769085 at 5-6. Further, Plaintiffs have offered no summary judgment evidence that would controvert Defendant's sworn allegation that all notices of acceleration were sent. It is not Defendant's burden – as the non-movant – to prove notice was sent or to negate Plaintiffs' claim that it was not. Plaintiffs are still required to demonstrate a fact issue in the summary judgment record, and they have not done so.

Mortgage Servicer by certified mail at the last known address of each such debtor at least twenty one (21) days before the date of the sale." Dkt. 40-2 at ¶6. Also attached are copies of a December 14, 2011 "Acceleration Warning (Notice of Intent to Foreclose)" sent to Michael S. Harris at P.O. Box 2017 and 2303 Wolf Front Road. *See* Dkt. 40-3.

Defendant also attaches the Declaration of Becky Howell, indicating that Notices of Acceleration and Notices of Trustee's Sale were sent to Michael S. Harris and Stephanie J. Harris by certified mail on July 13, 2012. Dkt. 40-4 at ¶3.[3] Attached are copies of those July 13, 2012 notices sent to Michael S. Harris at P.O. Box 2017, Van Alstyne, Texas and 2303 Wolf Front Road, Van Alstyne, Texas and to Stephanie Harris at P.O. Box 2017, Van Alstyne, Texas and 2303 Wolf Front Road, Van Alstyne, Texas. *See* Dkt. 40-5. Also attached are copies of the certified mail delivery receipts for the notices containing a July 13, 2012 USPS received stamp. *See* Dkt. 23-6.

Finally, Defendant attaches Plaintiffs' interrogatory responses. Plaintiffs state in their interrogatory responses that P.O. Box 2017, Van Alstyne, Texas, 75495 – the address the Court notes is on the notices offered by Defendant – was the address Plaintiffs used since January 1, 2011. *See* Dkt. 40-7 at 6. Further, although they sue for wrongful foreclosure, in their interrogatory responses, when asked how they learned of the August 7, 2013 foreclosure sale — the sale which forms the basis of their lawsuit — Plaintiffs, quite curiously, state "Plaintiffs know of no foreclosure sale that took place on August 7, 2013." Dkt. 40-7 at 5-6.

---

[3] The Court notes that the notices and delivery receipts attached only seem to indicate two delivery addresses, although Howell's declaration states there were three. *See* Dkt. 40-4.

In support of their position, Plaintiffs have submitted affidavits. In his affidavit, Plaintiff Michael S. Harris states:

> ... I have no way of knowing whether the requisite notices were mailed to me by the Defendant. However, I can say honestly that I never received any actual notice of the Defendant's intent to accelerate the CTX Note, and actual notice from the Defendant stating that the said note had been accelerated, nor did I receive any actual notice of the foreclosure sale that occurred on August 7, 2012.

Dkt. 41-5 at ¶4. In her affidavit, Plaintiff Stephanie J. Harris similarly states:

> ...I was never provided with any actual notice that the Defendant intended to accelerate the CTX Note. Nor was I provided any actual notice from the Defendant stating that said note had been accelerated. Further, I did not receive any actual notice of the foreclosure sale that occurred on August 7, 2012.

Dkt. 41-6 at ¶4.

The Court finds that these statements are insufficient to create a fact issue as to Plaintiffs' claims. *See Sanchez v. Dallas/Fort Worth Intern. Airport Bd.*, 2011 WL 3667435, 3 (5th Cir. 2011) ("a self-serving affidavit, without more evidence, will not defeat summary judgment.") (citing *DIRECTV, Inc. v. Budden,* 420 F.3d 521, 531 & n. 49 (5th Cir. 2005)); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (affirming summary judgment for plaintiffs where "the only evidence in support of the defendants' theory is a conclusory, self-serving statement by the defendant"); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (affirming summary judgment for plaintiff where defendant's only evidence consisted of "self-serving allegations," which "are not the type of significant probative evidence required to defeat summary judgment" (internal quotation marks and citation omitted)). Indeed, Plaintiffs' summary judgment argument responding to Defendant's claims as to each cause of action contains very few citations to the summary judgment

record and those citations provided lack specificity. General and sporadic references to the summary judgment record are not sufficient. *See* E. D. TEX L.R. CV-56(d) (stating that summary judgment citations should be referred to by page and, if possible, by line of the summary judgment evidence). Plaintiffs are required to show *how* the evidence creates an issue of material fact by citing to specific portions of the record. Their summary judgment response fails to do this.

In any event, having reviewed all the evidence before it, the Court finds that no fact issue exists as to the notice given to Plaintiffs. Under the Texas Property Code, service of notice of a foreclosure sale is complete when the notice is sent via certified mail, and "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is *prima facie* evidence of service." TEX. PROP. CODE § 51.002(e). Defendant has provided such *prima facie* evidence here. In Texas, there is not a requirement that Plaintiff receive the notice in order for it to be valid and effective. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d. 249, 256 (5th Cir. 2013) ("There is no requirement that Martins receive the notice"). Indeed, Plaintiffs' own affidavits do not challenge that notices were sent, merely that they were not received. When there is *prima facie* proof of notice, an argument that a borrower did not receive the notice is not enough to create a fact issue as to a defect in the foreclosure sale proceedings to prevent summary judgment on his wrongful foreclosure claim. *See id.* (affirming grant of summary judgment dismissing wrongful foreclosure claim, finding there was no fact issue as to defect where the plaintiff argued that he did not receive notice of the sale); *Bassknight v. Deutsche Bank Nat. Trust Co.*, 2014 WL 6769085, 5-6 (N.D. Tex. 2014) (finding that borrowers' "bald allegation that they did not receive the required pre-foreclosure notices" did not raise a genuine fact dispute for trial). While their summary judgment evidence may create a fact

issue as to *actual receipt* of the notices, Plaintiffs have not created a fact issue regarding Defendant's mailing of the notices to them. Actual receipt is simply not relevant to any claims here.

As to Plaintiffs' claims that the foreclosure sale was defective because notices of default and intent to accelerate were not sent to Plaintiff Stephanie Harris but instead only sent to Plaintiff Michael S. Harris, the Court finds there is no fact issue. According to the summary judgment record, Stephanie J. Harris, "Pro Forma Only," executed the November 25, 2003 Deed of Trust, *see* Dkt. 41-4, but only Michael S. Harris signed the November 25, 2003 Fixed/Adjustable Rate Note as a Borrower. *See* Dkt. 40-1. The Fifth Circuit has held that, because the duty imposed under the Texas Property Code Section 51.002(d) refers to "a *debtor* in default," only those named as borrowers under a note must be sent notice. *Robinson v. Wells Fargo Bank, N.A.*, 576 Fed. App'x 358, 361-362 (5th Cir. 2014); *see also Clark v. F.D.I.C.*, 849 F. Supp.2d 736, 754 (S.D. Tex. 2011). Plaintiffs have not offered any authority to support their claim that the CTX Note represented "a renewal and extension of the unpaid balances" of two prior notes payable to the First National Bank of Van Alstyne executed on May 1, 2002 and September 11, 2003, and the Court declines to make such a finding.

Further, the Deed of Trust contains a provision that "[n]otice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise." Dkt. 41-4 at § 15. "Texas law only requires the provision of constructive notice of an intent to foreclose and accelerate after a default." *Robinson*, 576 Fed. App'x at 361-362. Stephanie did not sign the Note; Michael did, and he was sent notice at their shared address. "Plaintiffs have failed to submit any evidence that the Property address was no longer their designated address for receiving notices."

9

*Clark*, 849 F. Supp.2d at 754. There is no fact issue as to constructive notice under governing precedent. *Robinson*, 576 Fed. App'x at 361-62 ("Thus even if Shirree were considered a debtor the notice provided was sufficient to meet Wells Fargo's obligations under Texas law.").

Plaintiffs' complaint also alleges a grossly inadequate sales price in the foreclosure sale. Dkt. 20 at ¶7.5. A "grossly inadequate price would have to be so little as 'to shock a correct mind.'" *FDIC v. Blanton,* 918 F.2d 524, 531 (5th Cir. 1990) (quoting *Richardson v. Kent,* 47 S.W.2d 420, 425 (Tex. Civ. App.– Dallas 1932, no writ)). In his affidavit, Plaintiff Michael Harris states that the fair market value of the property at the time of the foreclosure sale was $657,000.00 but that it was sold for only $421,796.84. *See* Dkt. 41-5. Harris attaches a Form 1099-A issued by Chase listing the fair market value of the Property for 2012. *See* Dkt. 41-5 at 6. Assuming this evidence is competent evidence of fair market value (which the Court declines to specifically find), the Court finds that it fails to support a grossly inadequate sales price. The Fifth Circuit has noted that "Texas cases establish that a foreclosure price exceeding 50% is not grossly inadequate." *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) (citing *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.– Amarillo 2007) and *Richardson v. Kent,* 47 S.W.2d 420, 425 (Tex. Civ. App.– Dallas 1932)) (finding that sale price which was about 52% of proffered value was not grossly inadequate); *see also Martins*, 722 F.3d. 249 at 256 (finding no fact issue as to grossly inadequate price when sales price was 92% of the most recent appraisal value).

Other than attaching one document to their response, Plaintiffs have not show how this sales price was inadequate and as such there is no genuine issue of material fact before the Court. Because Plaintiffs cannot sustain their burden as to several elements of their wrongful foreclosure claim,

summary judgment should be granted for Defendant.

**<u>Quiet Title and Trespass to Try Title</u>**

Plaintiffs also seek declaratory judgment to quiet title, seeking a declaration from the Court that Defendant failed to provide them with notice of intention to accelerate the CTX Note, that Defendant failed to provide them with their right to cure, that they did not receive any notice of the foreclosure sale, and that the Substitute Trustee's Deed is therefore void. Plaintiffs claim that these challenges create a justiciable controversy regarding "Defendant's entitlement to any claim in or to the Property," arguing they are the undisputed fee simple owners of the Property. Dkt. 20 at ¶5.2.

As an alternative claim, Plaintiffs also assert a trespass to try title claim. Plaintiffs argue that since at least November 25, 2003, they have been the rightful owners of the Property and are legally entitled to the lawful possession of it to the exclusion of Defendant. Dkt. 20 at ¶6.2.

A suit to quiet title "is an equitable action that involves *clearing* a title of an invalid charge against the title." *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012) (citing *Longoria v. Lasater,* 292 S.W.3d 156, 165 n. 7 (Tex. App.– San Antonio 2009, pet denied) (quoting *A.I. C. Mgt. v. Crews,* 2005 WL 267667, at *3 n. 8 (Tex. App.– Houston [1st Dist.] 2005), *rev'd on other grounds,* 246 S.W.3d 640 (Tex. 2008)) (emphasis in original)). In order to succeed on a quiet title action, a plaintiff must show that: (1) he has an interest in property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at *4 (N.D. Tex. 2012) (*citing Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App.– Texarkana 1991, writ denied)); *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, *3 (Tex. App.– Houston [1st Dist.] 2011, no pet.)

(citations omitted). A plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). A plaintiff's burden in a Texas suit to quiet title is very clear:

> In a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. That is, the plaintiff must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.

*Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1 Dist.] 2009, pet. denied) (internal citations omitted). *See also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title.").

A plaintiff must also allege superiority in any trespass to try title claim. "To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

Because Plaintiffs have failed to create a genuine issue of material fact as to their claim that Defendant did not comply with the Texas Property Code, they cannot create a genuine issue of material fact as to their claim of superior title to the Property. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) ("To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source,

(3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned.").

Indeed, Plaintiffs have conceded default on the loan. In Plaintiffs' interrogatory responses, Plaintiffs state that Michael Harris notified Defendant of his "inability to pay" and request for "indulgence and consideration with respect to making his payments when he could afford to do so." Dkt. 40-7 at 2. Plaintiffs also indicate that the last payment they made on the loan was made on June 3, 2011, and Plaintiffs do not dispute that the loan was in default at the time of foreclosure. Dkt. 40-7 at 4.

There is no fact issue as to superiority. And, because Plaintiffs have failed create a fact issue as to any of their claims regarding the foreclosure sale, they are not entitled to a declaratory judgment as to any quiet title claim. *California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."). Nor does their alternative trespass to try title claim survive summary judgment.

Having reviewed the summary judgment record before it, and for the reasons set forth herein, the Court finds that Defendant U.S. Bank's Motion for Summary Judgment (Dkt. 40) should be GRANTED in its entirety for Defendants, that Plaintiffs shall take nothing by their claims, that Defendant shall be awarded its costs, and that this matter should be closed on the Court's docket.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of February, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE